IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YURIY PASECHNIK,

    Plaintiff,                                  No. CIV S-10-1144 MCE KJM PS

    vs.

WELLS FARGO BANK, N.A., et al.,      FINDINGS AND RECOMMENDATIONS

    Defendants.

                                    /

          Defendants' motions to dismiss came on regularly for hearing on September 15, 2010. Plaintiff did not appear. Jeffrey Kirk appeared telephonically for defendant First American Loan Star.[1] Dean Christopherson appeared for the Wells Fargo defendants. Upon review of the documents in support, no opposition having been filed, and good cause appearing, THE COURT FINDS AS FOLLOWS:

          Plaintiff filed this action in state court; it was removed to this court on May 10, 2010. On May 14, 2010, defendants filed two motions to dismiss, to which plaintiff did not timely respond. By order filed July 29, 2010, plaintiff was given additional time in which to file

---

[1] Defense counsel Kirk was advertently disconnected from the court's telephonic appearance system and defense counsel Christopherson offered to make a special appearance for him. After the hearing, the courtroom deputy contacted Mr. Kirk to ascertain whether he objected to submission of the matter. No objection has been lodged.

1

1  opposition to defendants' motions and was cautioned that failure to file opposition would be
2  deemed as a statement of non-opposition. Plaintiff still has not filed an opposition and failed to
3  appear at the hearing on the motion.
4        The Federal Rules of Civil Procedure provide for dismissal of actions based on
5  lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure,
6  even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567
7  (9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court
8  considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to
9  manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring
10 disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g.,
11 Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua
12 sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel,
13 Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on
14 consideration of "less drastic alternatives" and whether or not there has been a "warning of
15 imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).
16       In determining that this action will be dismissed, the court has considered all the
17 factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions
18 in this case brought by plaintiff, which has been proceeding forward since its removal from state
19 court more than four months ago.[2] Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.
20 1990). Regarding the third factor, defendants already have briefed their motions to dismiss, and
21 would be prejudiced by the need for further litigation of this matter despite plaintiff's non-
22 responsiveness. Moreover, delay itself generally is prejudicial--witnesses' memories fade and
23 evidence becomes stale or undiscoverable. While the fourth factor favors resolution on the
24 merits, in this case plaintiff has declined to oppose the motion to dismiss and thus has precluded
25
26     [2] Plaintiff filed the action originally in state court on April 5, 2010.

1  the court's evaluation of the potential merits of such an opposition.  Under these circumstances,
2  the fourth factor is outweighed by the others.
3          Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal,
4  as required by Oliva, the court in its order of July 29, 2010 has advised plaintiff that this action is
5  subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to
6  oppose the pending motion after plaintiff failed to timely oppose defendants' motions to dismiss,
7  all to no avail.  From plaintiff's failure to respond to the most recent order and failure to appear
8  at the hearing on the motion to dismiss, the court finds that plaintiff has abandoned this litigation.
9  The court therefore concludes there is no suitable alternative less drastic sanction to dismissal.
10         Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
11 with prejudice.
12         These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
14 fourteen days after being served with these findings and recommendations, any party may file
15 written objections with the court and serve a copy on all parties.  Such a document should be
16 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
17 objections shall be served and filed within seven days after service of the objections.  The parties
18 are advised that failure to file objections within the specified time may waive the right to appeal
19 the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20 DATED: September 24, 2010.

_____
U.S. MAGISTRATE JUDGE

006
pasechnik.57